Haxx, Judge)
delivered the opinion of the Court:
The decisions are of modern date, that give to pro-piissory notes a right to days of grace — (4 T. Rep. 152.), When days of grace originally extended to bills of exchange, they were gratuitous, J need not cite authority for this.
*13 In bills of exchange theligbility of the parties is ere-ated more by the law-merchant, than by the express stipulation of the parties •, hence days of grace and other regulations, suiting a commercial people, grew into use; but where the liabilities of the parties are altogether of their own making, (such as when a bond shall become due,) it is more difficult to perceive the propriety of altering that contract by law, and saying that although tiie debtor has agreed to pay on a given day, yet lie shall not pay till three days afterwards. To be sure it has been done in England thirty or forty years ago,' but I know of no instance of its having been so decided in this State.
The remark may pass for what it is worth, that this note has not been endorsed, before which it bears no resemblance to a bill of exchange. — (Bur. Rep. 676.) It is a mere contract, like any other, between the parties.
I think the understanding of people, generally, is, that they must pay on the day designated by the note. I think that a new trial ought not to be granted.
Henderson, Judge, concurred.